UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ED MERKNER, et al.,** | : | Case No. 1:09cv423 |
| | : | |
| Plaintiffs, | : | Judge Black |
| | : | |
| v. | : | JOINT MOTION FOR PRELIMINARY |
| | : | APPROVAL OF CLASS ACTION |
| **AK STEEL CORPORATION,** | : | SETTLEMENT AGREEMENTS AND |
| | : | PROPOSED CLASS NOTICE |
| Defendant. | : | |

Plaintiffs, Ed Merkner, Thomas E. Rodgers and Peter E. Connor (along with Jack Kriess and Ed Musko the "Proposed Class Representatives")[1] and Defendant AK Steel Corporation have entered into Settlement Agreements resolving, subject to class certification and Court approval, all the claims of the Parties.

Pursuant to Fed. R. Civ. P. 23, the parties jointly move the Court to enter an Order:

(1) Granting preliminary approval of the proposed Settlement Agreements subject to a final fairness hearing;

(2) Approving the proposed notice to be sent to the class members affected by the settlements; and

(3) Setting a date for a hearing on the fairness, reasonableness, and adequacy of the Settlement Agreements pursuant to Federal Rule of Civil Procedure 23(e).

---

[1] Plaintiffs filed their Motion for Class Certification on February 5, 2010 (Doc. 49) and an Amended Motion for Class Certification contemporaneously herewith. AK Steel will consent to the certification of the proposed classes. Plaintiffs are also filing herewith a Motion to Amend the Complaint *inter alia* so as to join Mr. Musko and Mr. Kriess as Plaintiffs and Class Representatives.

1

A Memorandum in Support of this Motion is attached, along with a copy of the proposed Notice to Class Members (Exhibit A to the Memorandum), a copy of the proposed Settlement Agreements (Exhibits B and C to the Memorandum), and a copy of the proposed Voluntary Employees Beneficiary Association ("VEBA") (Exhibit D to the Memorandum).  A proposed agreed Order has also been submitted to the Court's chambers by email to black_chambers@ohsd.uscourts.gov.

This the 17th day of September, 2010.

Respectfully submitted,

/s/ Gregory F. Coleman
Gregory F. Coleman
Greg Coleman Law, P.C.
Bank of America Center
550 Main Street, Suite 600
Knoxville, TN 37902
(865) 247-0080
(865) 406-2366 (fax)
greg@gregcolemanlaw.com

/s/ Gregory Parker Rogers
Gregory Parker Rogers
Justin D. Flamm
Daniel J. Hoying
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
(513) 381-2838
rogers@taftlaw.com
flamm@taftlaw.com
hoying@taftlaw.com

Attorneys for Defendant
AK Steel Corporation

/s/ Mona Lisa Wallace
Mona Lisa Wallace
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, NC  28144

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2010, I electronically filed the foregoing Joint Motion For Preliminary Approval Of Class Action Settlement And Proposed Class Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:

/s/ Gregory F. Coleman
Gregory F. Coleman
Greg Coleman Law, P.C.
Bank of America Center
550 Main Street, Suite 600
Knoxville, TN 37902
(865) 247-0080
(865) 406-2366 (fax)
greg@gregcolemanlaw.com

11870010.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ED MERKNER, et al., | : | Case No. 1:09cv423 |
| | : | |
| Plaintiffs, | : | Judge Black |
| | : | |
| v. | : | MEMORANDUM IN SUPPORT OF |
| | : | JOINT MOTION FOR PRELIMINARY |
| AK STEEL CORPORATION, | : | APPROVAL OF CLASS ACTION |
| | : | SETTLEMENT AGREEMENTS AND |
| Defendant. | : | PROPOSED CLASS NOTICE |

## I.   INTRODUCTION

The Class Representatives and AK Steel Corporation ("AK Steel" or "the Company"), following extensive arms' length negotiations, have entered into Settlement Agreements that would resolve all claims raised in this proceeding.  The parties jointly submit the Settlement Agreements for preliminary approval by the Court, pursuant to Fed. R. Civ. P. 23(e).  By this Motion, the parties respectfully submit that the Court should grant preliminary approval to the Settlement Agreements, approve the notice to Class Members, and schedule the fairness hearing for final approval.[1]

## II.   BACKGROUND

As is discussed in the Settlement Agreements,[2] the increased costs involved in providing retiree health insurance plans have posed a challenge to the integrated steel industry in the past decade.  (Exhibits B and C hereto)  Numerous integrated steel companies have been forced into bankruptcy because, in part, of the high costs associated with retiree health insurance plans.  (*Id*.)

---

[1] The Notice to Class Members is attached hereto as Exhibit A.  The proposed Hourly and Salaried Class Settlement Agreements are attached as Exhibits B and C.  The proposed Voluntary Employees Beneficiary Association ("VEBA") is attached as Exhibit D.

[2] See Exhibits B and C.  In general the terms of the Settlement Agreement for the Salaried Class replicate the terms of the Settlement Agreement for the Hourly Class, with necessary adjustments as to the specific facts regarding the Salaried Class.  The citations below are to the Settlement Agreement for the Hourly Class; again, the Settlement Agreement for the Salaried Class has generally similar provisions.

1

UAW Local 3303 represents the hourly production and maintenance employees at AK Steel's Butler Works.  In 2006, the UAW and AK Steel negotiated a new collective bargaining agreement.  The parties to the contract agreed to reduce benefits for current hourly retirees in three steps beginning January 1, 2007.  Medicare Part B reimbursements and dental and vision insurance were eliminated before 2010.  Effective January 1, 2010, the contract called for hourly retirees to begin to pay for a portion of their health insurance premiums.  The Class Representatives for the hourly retirees filed this lawsuit on June 18, 2009, seeking preliminary and permanent injunctive relief to prevent AK Steel from making the premium contribution changes that were scheduled to go into effect on January 1, 2010.  (Compl., Doc. 1)

On January 29, 2010, the Court granted the Class Representatives' motion for a preliminary injunction, prohibiting AK Steel from making the premium contribution changes to the benefits for hourly retirees during the pendency of the litigation.  (Order, Doc. 47)  On February 1, 2010, AK Steel appealed the preliminary injunction to the United States Court of Appeals for the Sixth Circuit.  (Doc. 48)  Although the appeal was fully briefed and oral argument was scheduled for October 15, 2010, as a result of the settlement described here, the parties have taken steps to hold the Company's appeal in abeyance.

Discovery proceeded in this case, despite the appeal.  (Hourly Settlement Agreement, § IV)  The Class Representatives and the Company served initial disclosures and reviewed thousands of pages of information.  (*Id.*)  Depositions have been taken.  (*Id.*)

As described in Section V of the Hourly Settlement Agreement, AK Steel takes the position that it has the right to make the proposed changes to post-retirement health benefits for hourly retirees under the applicable collective bargaining agreements and insurance plan documents.  (Hourly Settlement Agreement, §§ IV, V)  Plaintiffs claim, on the other hand, that the members of the proposed Hourly Class earned their post-retirement health benefits through

2

many years of service with AK Steel and that the benefits became vested upon their retirement. (*Id*. at §§ IV, VI)

Both parties acknowledge problems of proof in establishing their claims and defenses, the inherent uncertainty and risks of litigation, and the expense and delays that would be involved in continuing to litigate their dispute. (*Id*. at §§ V, VI) Plaintiffs recognize that even if they were successful in the litigation, the continued receipt of their benefits depends upon the long-term viability of AK Steel and its continued ability to fund such benefits. (*Id*. at § VI) Also, in agreeing to the settlement, one of the factors that Plaintiffs necessarily took into account is that, if AK Steel were successful in the litigation, it could conclusively establish that AK Steel could bargain with the UAW in the future to reduce or eliminate any obligation to provide any post-retirement health or welfare benefits to some or all of the Hourly Class members.

Commencing in December 2009, the Parties engaged in settlement discussions. (Hourly Settlement Agreement, § IV) In the course of these discussions, detailed actuarial data was provided to Plaintiffs to allow them to assess accurately the costs related to the provision of retiree welfare benefits to the proposed classes. (*Id.*) Settlement proposals were exchanged. (*Id.*) On July 26, 2010, a third settlement conference was held where the Parties reached the settlement for hourly retirees described here, which they subsequently committed to writing. (*Id.*) The hourly settlement is contingent on, among other things, the issuance of an order formally certifying the proposed Hourly Class and formally appointing Class Counsel.

Under the proposed hourly settlement, AK Steel will continue to pay the current health and life insurance benefits for Hourly Class Members from 2010 through 2014, at an estimated cost of more than eighty-four million dollars ($84,000,000.00) (Hourly Settlement Agreement, § 7.2.1). AK Steel will also make cash payments for the benefit of hourly Plaintiffs totaling eighty-six million dollars ($86,000,000.00) beginning in 2011 to be divided between a Voluntary

3

Employees Beneficiary Association ("VEBA") and to permit Plaintiffs to pay up to ten percent of this amount for their attorneys' fees and costs, per their agreement with Class Counsel, in a process approved by this Court. (Hourly Settlement Agreement, § 7.2.2) The funds paid to the VEBA will be used to provide welfare benefits to Hourly Class Members beginning in 2015 under a new and revised plan of benefits to be created by trustees of the VEBA selected according to a procedure established by the Plaintiffs. (*Id*. at § 9.1.1)

In the interim, in or about February 2010, Plaintiffs' Counsel were contacted by Ed Musko, a retiree who had been a salaried employee of AK Steel, with regard to whether Plaintiffs' Counsel could also represent members of the Salaried Class who had been members of the Butler Armco Independent Salaried Union. Plaintiffs' Counsel and Mr. Musko engaged in continued communications and Plaintiffs' Counsel received permission from the Hourly Class Representatives to seek to negotiate with AK Steel an analogous resolution. After the Settlement was reached with the Hourly Class, Class Counsel negotiated with the Company with regard to the Salaried Class and the parties agreed to a Salaried Settlement Agreement where the Salaried Class retirees will pay the same contribution toward their health insurance that they currently pay, through 2014. (Exhibit C) Without the benefit of this agreement, Salaried Class retirees would pay more for their premium contributions beginning in 2011. The parties also agreed that AK Steel would pay a total of $5,000,000, 90% of which funds will go to a VEBA to pay for insurance benefits for the Salaried Class beginning in 2015 and up to ten percent of which funds will be used to pay for their attorneys' fees and expenses, per their agreement with Class Counsel, upon Court approval.

In exchange, the Plaintiffs and proposed Class Members of both the Hourly Class and the Salaried Class agree to release AK Steel from responsibility for any Health and Welfare Benefits claims incurred on and after January 1, 2015, including any and all claims for payment of

4

medical benefits, major medical benefits, managed care benefits, prescription drug benefits, premium reimbursement, Medicare Part B reimbursement, life insurance benefits, dental insurance benefits, or vision insurance benefits incurred on and after January 1, 2015. (*Id.*, § 9.1.2)

### III.  ARGUMENT

Under Fed. R. Civ. P. 23(e), the parties' Settlement Agreements must be approved by the Court. Review and approval of a class action settlement involves three steps: (1) the Court preliminarily approves the proposed settlement; (2) members of the class are notified of the proposed settlement; and (3) the Court holds a hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *Alvorado v. Memphis-Shelby County Airport*, 2000 WL 1182446, *5 (6th Cir. 2000); *Reed v. Rhodes*, 869 F. Supp. 1274, 1278 (N.D. Ohio 1994); *Bronson v. Bd. of Educ. of Cincinnati*, 604 F. Supp. 68, 72 (S.D. Ohio 1984). If a proposed settlement appears to be the result of serious, informed, non-collusive negotiations, if it has no obvious deficiencies, if it does not improperly grant preferential treatment to class representatives or segments of the class, and if it falls within the range of reasonableness, the court should grant preliminary approval, direct the sending of notice to the classes, and schedule a fairness hearing. *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1015-16 (S.D. Ohio 2001).

First, the Court must determine whether the proposed settlement deserves preliminary approval. Second, after notice is given to the class, the Court must evaluate whether final approval is warranted. *See* the Manual for Complex Litigation, Fourth Edition ("MCL 4th") § 21.632. The MCL 4th describes the procedure as follows:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation. In some cases this initial evaluation

can be made on the basis of information already known to the court, supplemented as necessary by briefs, motions, or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria of Rule 23(a) and at least one of the subsections of Rule 23(b) . . . . The judge must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing. . . .

The purpose of the preliminary approval process is to determine whether the proposed settlement is within the range of reasonableness and thus, whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile. 4 *Newberg on Class Actions* § 11.25.

In this Joint Motion, the Parties submit that the requirements for preliminary approval are satisfied and they ask that the Court direct the mailing of the class notice and schedule a fairness hearing.

### A. The Court Should Grant The Parties' Joint Motion For Preliminary Approval Of The Settlement Agreements.

The Court should preliminarily approve the Settlement Agreements in this case because they are within the range of reasonableness and do not evidence unduly preferential treatment or other obvious deficiencies.[3] "The law favors voluntary settlement of class action litigation." *UAW v. Ford Motor Corp.*, 2006 WL 1984363, *21 (E.D. Mich. July 13, 2006); *UAW v. General Motors Corp.*, 2006 WL 891151, *12 (E.D. Mich. March 31, 2006) (Both settlements were

---

[3] In evaluating the proposed Settlement, the Court may consider a number of factors, and no one factor is determinative. MCL 4th, § 21.631. Among the relevant factors the Court may consider are: whether the Settlement has no obvious deficiencies and otherwise falls within the range of possible approval; whether the Settlement unreasonably grants preferential treatment; and whether the Settlement appears to be the product of non-collusive negotiations. If the Settlement passes scrutiny under these criteria, the Court should direct that notice under Rule 23(c) be given to the Class Members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. MCL 4th, §§ 21.632, 21.633.

6

affirmed in *UAW v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).)[4] At this preliminary approval stage, the Court's role is limited to issues such as determining whether the proposed Settlement Agreements are "within the range of reasonableness." *Ford*, 2006 WL 1984363 at *21. The Court should examine whether the settlements are "illegal or tainted with collusion" or "the product of arms-length negotiations." *Bronson*, 604 F. Supp. at 71. "The [C]ourt's determination should be based on its familiarity with the issues, the results of discovery, and the character of the negotiations." *Id*.[5]

Under the proposed settlement, AK Steel will, first, continue certain currently provided health benefits. AK Steel is currently providing health benefits to class members who are under the age of 65 and not Medicare-eligible, and under the settlement will continue to do so at its expense until December 31, 2014. Thus, under the settlement, the Company shall continue to pay the currently provided medical and life insurance for Hourly and Salaried Class Members through December 31, 2014. This part of the settlement alone has a substantial monetary value.

The Settlement Agreements, however, not only contemplate the continued Company payment of welfare benefits through December 31, 2014, but also, the transfer of ninety-one

---

[4] *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, *3 (E.D. Mich. Aug. 2, 2010) ("The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits."); *UAW v. General Motors Corp.*, 497 F.3d at 632 (noting "the federal policy favoring settlement of class actions"); *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D.Mich. 2006) (noting "the general federal policy favoring the settlement of class actions").

[5] A proposed settlement agreement should be preliminarily approved if "[t]he Court finds that the proposed settlement falls within the range of possible approval, does not disclose grounds to doubt its fairness, and includes no obvious deficiencies." *International Union v. Ford Motor Co.*, 2006 WL 1984363 at * 4. Thus, at this stage, the question before the Court is not whether the Settlement is fair, reasonable, and adequate, but whether the Settlement is within the range of possible approval. MCL 4th, § 21.632. The "bar [for obtaining preliminary approval] is low." *All Bromine Antitrust Plaintiffs v. All Bromine Antitrust Defendants*, 203 F.R.D. 403, 416 (S.D. Ind. 2001). The question before a court on a motion for preliminary approval is whether the proposed settlement appears to fall within the range of possible approval, such that there is "probable cause" to justify notifying the class members of the proposed settlement. This standard requires that a court evaluate the proposed settlement for only obvious deficiencies, while bearing in mind that "there is a strong initial presumption that the compromise is fair and reasonable." *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (quoting *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 335, 339 (D.S.C. 1991)); *Fisher Brothers v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 487 (E.D. Pa. 1985) (issue is whether the proposed settlement "falls within the 'range of reasonableness'").

7

million dollars ($91,000,000) to create a fund for payment of $81,900,000 to a VEBA (Exhibit D) for the provision of Post-Retirement Welfare Benefits to the Hourly and Salaried Class Members beginning in 2015 and also to allow Plaintiffs funds of up to $9,100,000 to pay their attorney fees and costs upon Court approval.  Given the asserted claims and defenses of the parties, the problems of proof, and the risks and delays of litigation, this consideration represents an amount well "within the range of reasonableness."  Moreover, creation of the funded VEBA trust contemplated by the Settlement Agreements eliminates any future risk to the class members that AK Steel will become unable to pay for the retiree benefits.

The Settlement Agreements were negotiated at arms' length by adversarial and informed parties with the assistance of experienced counsel.  Settlement negotiations commenced in December 2009, after extensive discovery during which thousands of documents were exchanged and a number of former and current AK Steel employees were deposed.  In the course of settlement discussions, AK Steel provided detailed actuarial data to the Plaintiffs, Plaintiffs' counsel, and their independently retained actuary, allowing them to assess the costs of providing various levels of benefits.  Ultimately, after multiple proposals were exchanged, the parties reached the agreements with the assistance of the Court.

The Settlement Agreements, which were negotiated by the parties to a highly adversarial lawsuit, are not the result of illegality or collusion.  The requirements for preliminary approval are met and the Court should grant the Joint Motion.

### B. The Court Should Approve The Parties' Proposed Form And Method Of Notice Of The Class Settlements.

Once the Court makes a determination that a proposed settlement is within the range of reasonableness, notice of a formal Rule 23(e) hearing is given to class members.  MCL 4th, § 21.633.  The notice of the fairness hearing should advise objectors to file written statements of

8

their objections by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing. *Id*.

With regard to a "non-opt-out" settlement, the notice should advise class members among other things of the following:

- define the class, classes or subclasses;
- describe clearly the options open to class members and the deadlines for taking action;
- describe the essential terms of the proposed settlement;
- disclose any special benefits provided to class representatives;
- provide information regarding attorneys fees;
- indicate the time and place of the hearing for final court approval of the settlement;
- describe the method for objecting to the settlement;
- explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, set forth those variations; and explain any nonmonetary benefits; and
- prominently display the address and phone number of class counsel and contact information for the Notice Administrator.

*See* MCL 4th, § 21.312.

Notice of the proposed settlement must be given to all members of the class in such manner as the court directs. In order to satisfy due process, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950); *see In re MicroStrategy, Inc. Secs. Litig*., 148 F. Supp. 2d 654, 669-70 (E.D. Va. 2001). Individual mailed notice by first class mail is the preferred form of notice, and the one that will be used here. *See, e.g.,* MCL 4th, § 30.211.

Here, the parties have agreed on the content and method of the proposed notice. The Class Notice explains the nature of the controversy, the details of the Settlement Agreements, the eligibility of class members to participate in the Settlement, and their right to object to it. The

9

Class Notice will be mailed to all class members via first class mail to their last known addresses. The Court should approve the form and method of notice to the classes.

The proposed notice to Class Members in this action more than meets these standards and criteria. The notice explains in plain and simple language what the litigation is about and the relief that will result from the Settlement. The notice also informs the Class of the time and place of the Fairness Hearing and of the deadlines and procedures for filing objections, and other relevant information.

The proposed notice also provides sufficient opportunity to object to the proposed Settlement, as Class Members will have approximately 45 days to decide whether they want to object to the Settlement. *See generally*, 3 *Newberg* § 8.37 (observing that the bulk of notices directed 30- to 60-day intervals between mailing or publishing class notice and the deadline for the recipient to object).

The form of the Notice to be distributed to Class satisfies Rule 23 and due process requirements. The form of Preliminary Approval Order anticipates that notice be mailed to Class Members at their last known address. The notice will be mailed to all individuals who have been identified as being a member of the Hourly and Salaried Classes provided for in the Settlement Agreements. Plaintiffs reasonably believe that all Class Members will be identified and upon approval, can be sent via first-class mail a copy of the class notice.

In summary, the parties have agreed on the content and method of the proposed notice. The Class Notice explains the nature of the controversy, the details of the Settlement Agreements, the eligibility of class members to participate in the Settlements, and their right to object. (Attached as Exhibit A)  The Class Notice will be mailed to all Class Members via first class mail to their last known addresses. (Settlement Agreements, § VII)  The Court should approve the form and method of notice to the Classes.

10

11870010.1

**C. The Parties Request The Court To Schedule A Final Fairness Hearing.**

The final step in the settlement approval process is the scheduling of a formal "fairness" or "final approval" hearing. At the Formal Fairness Hearing, the Court will be provided with information relevant to its analysis and evaluation of the fairness and the adequacy of the Settlement. Proponents of the Settlement will provide evidence in support of Final Approval, and Class Members who have filed timely written objections and notices may be heard regarding any concerns they may have about the Settlement. Final approval of the Settlement Agreement will follow after notice is mailed to all Class Members, they have been given the opportunity to object or opt out, and this Court hears final arguments at a Final Approval Hearing pursuant to the provisions of the attached proposed order.

Here, the parties propose a schedule set forth at Section 10.2 of the Settlement Agreements, culminating in a Settlement Hearing on January 10, 2011. Accordingly, the parties request the Court to schedule:

- A hearing on this Joint Motion for preliminary approval and on Plaintiffs' renewed motion for class certification on September 24, 2010;

- A deadline for filing objections to the Settlement Agreements of November 15, 2010;

- A deadline for parties to file briefs objecting to or in favor of final approval of the Settlement Agreements and for approval of fees and costs on December 20, 2010; and

- A fairness hearing on on January 10, 2011.

**IV. CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court (i) preliminarily approve the Settlement Agreements; (ii) approve the proposed Class Notice and the mailing thereof; and (iii) set a date for a fairness hearing under Rule 23(e).

This the 17th day of September, 2010.

Respectfully submitted,

11

11870010.1

12

| | |
|---|---|
| /s/ Gregory F. Coleman | /s/ Gregory Parker Rogers |
| Gregory F. Coleman | Gregory Parker Rogers |
| Greg Coleman Law, P.C. | Justin D. Flamm |
| Bank of America Center | Daniel J. Hoying |
| 550 Main Street, Suite 600 | Taft, Stettinius & Hollister LLP |
| Knoxville, TN 37902 | 425 Walnut Street, Suite 1800 |
| (865) 247-0080 | Cincinnati, Ohio  45202-3957 |
| (865) 406-2366 (fax) | (513) 381-2838 |
| greg@gregcolemanlaw.com | rogers@taftlaw.com |
| | flamm@taftlaw.com |
| | hoying@taftlaw.com |
| /s/ Mona Lisa Wallace | Attorneys for Defendant |
| Mona Lisa Wallace | AK Steel Corporation |
| Wallace & Graham, P.A. | |
| 525 N. Main Street | |
| Salisbury, NC  28144 | |
| | |
| Attorneys for Plaintiffs | |

12

11870010.1

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2010, I electronically filed the foregoing Memorandum in Support of Joint Motion For Preliminary Approval Of Class Action Settlement And Proposed Class Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:

/s/ Gregory F. Coleman
Gregory F. Coleman
Greg Coleman Law, P.C.
Bank of America Center
550 Main Street, Suite 600
Knoxville, TN 37902
(865) 247-0080
(865) 406-2366 (fax)
greg@gregcolemanlaw.com

11870010.1