UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ED MERKNER, et al., | : | Case No. 1:09cv423 |
| | : | |
| Plaintiffs, | : | Judge Black |
| | : | |
| v. | : | |
| | : | |
| AK STEEL CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF PROPOSED SETTLEMENT OF
RETIREE HEALTH BENEFITS CLASS ACTION**

**THIS NOTICE MAY AFFECT YOUR RIGHTS;
PLEASE READ IT CAREFULLY.**

**I. INTRODUCTION AND SUMMARY**

This will notify you of the proposed settlement of a lawsuit filed by Plaintiffs and Class Representatives, Ed Merkner, Thomas E. Rodgers, Peter E. Connor, Jack Kriess and Ed Musko ("Class Representatives") against AK Steel Corporation ("AK Steel"). The lawsuit is called *Merkner v. AK Steel Corp.,* Case No. 1:09-CV-423, in the United States District Court for the Southern District of Ohio. The lawsuit, as amended, is brought as a class action on behalf of persons in the "Hourly Class" and "Salaried Class" described below. **You have received this Notice because AK Steel's records indicate that you are a member of the Hourly Class or the Salaried Class. If you are a member of the class your medical benefits will be affected by the settlement, if it is approved by the Court.  Please read this notice carefully.**

**DEFINITION OF CLASS MEMBER: ARE YOU A CLASS MEMBER?**

The Court has certified an Hourly Class (for hourly retirees) and a Salaried Class (for salaried retirees).  You are a Class Member if you fall within one of these two classes:

a. **"Hourly Class"** means retirees and surviving spouses of retirees who (a) worked for AK Steel at the Butler Works (and related facilities covered by the collective bargaining agreement for the Butler Works) under a collective bargaining agreement covering hourly production and maintenance employees, negotiated between AK Steel (or a predecessor) and the UAW or the Butler Armco Independent Union (later UAW Local 3303); (b) retired from AK Steel on or before December 31, 2006; (c) were eligible to participate in the AK Steel Hourly Retiree Hospital and Medical Benefits Plan or a predecessor plan at the time they retired; and (d) in the case of

1 

  either retirees or surviving spouses, continue to be eligible to participate as of January 1, 2010.

b. **"Salaried Class"** means retirees and surviving spouses of retirees who (a) worked for AK Steel at the Butler Works (and related facilities covered by the collective bargaining agreement for the Butler Works) under a collective bargaining agreement covering salaried employees, negotiated between AK Steel (or a predecessor) and the Butler Armco Independent Salaried Union; (b) retired from AK Steel between January 1, 1985 and on or before September 30, 2006; (c) were eligible to participate in the AK Steel Salaried Retiree Hospital and Medical Benefits Plan or a predecessor plan at the time they retired; and (d) in the case of either retirees or surviving spouses, continue to be eligible to participate as of January 1, 2010.

This Notice informs Class Members of the terms of the proposed settlement and Class Members' rights under it. **The Court has approved this Notice to send to you. You are urged to read this Notice carefully**.

## II. THE CLAIMS IN THE LAWSUIT

The Class Representatives claim in the lawsuit that AK Steel is not entitled to modify or terminate the health benefits of Class Members and their eligible dependents. AK Steel claims that these health benefits are neither vested nor guaranteed and that it has the contractual and legal right to change, modify or terminate these benefits at its discretion.

In 2006, AK Steel announced its intention to change the health benefits of Class Members. The Company negotiated with the UAW at the Butler Works, and the Company and Union agreed in the 2006 collective bargaining agreement that beginning January 1, 2007, benefits for hourly retirees from the Butler Works would be reduced in three steps. The first two sets of reductions – elimination of the Medicare Part B reimbursement and elimination of dental and vision insurance – occurred before this lawsuit commenced.

This lawsuit was then filed challenging AK Steel's actions. Upon a motion filed by the Class Representatives, the Court issued a preliminary injunction preventing AK Steel from changing the remaining health benefits of the Hourly Class pending the end of the lawsuit. AK Steel appealed the injunction order to the U.S. Court of Appeals for the Sixth Circuit.

As of the date of this settlement, AK Steel's appeal has not been decided, and no trial has been held. Although each side believes its position is correct, the parties recognize that there are difficulties, uncertainties, and risks inherent in any litigation, and in this one in particular, and that neither side is guaranteed to win at trial or on appeal. AK Steel has considered the possibility that the Plaintiffs could prevail on part or all of their claims and succeed in being awarded lifetime benefits at the levels paid prior to AK Steel's 2006 announcement and/or prior to the Court's entry of the preliminary injunction. The Plaintiffs, on the other hand, have considered the possibility that they could lose on part or all of their claims and be exposed to the possibility that their retiree health benefits could be terminated altogether, or lost if the Company became unable to pay for them. Furthermore, the salaried retirees, while their benefits differ in some details,

stand in a similar position.  Accordingly, the parties have entered into Settlement Agreements for the Hourly and Salaried Classes which, if they receive the final approval of the Court, will fully resolve this litigation. The terms of the Settlement Agreements are summarized in this notice.  In addition, copies of the Hourly and Salaried Class Settlement Agreements are attached as Exhibits 1 and 2 to this Notice.

### III. HEARING AND APPROVAL OF THE SETTLEMENT AGREEMENT

On _____, 2010, the District Court granted preliminary approval of the proposed settlement described below. The Court directed that this notice be sent to Class Members and scheduled a hearing for January 10, 2011, for the purpose of determining whether the proposed settlement is fair, reasonable and in the best interests of the Classes and whether it should receive final approval by the Court. That hearing is scheduled to take place at 10 a.m. before the Honorable Timothy Black, Potter Stewart U.S. Courthouse, 100 East 5th Street, Courtroom ____, Cincinnati, Ohio 45202. Class Members who object to the proposed settlement are entitled to attend this hearing and speak in support of their objections. In order to speak at the hearing any objector must have filed a timely written objection in accordance with the procedures described in Section IX below. However, Class Members ARE NOT required to attend this hearing. If the settlement agreement is approved, all Class Members will be entitled to participate in the settlement whether or not they have attended the hearing or filed objections.

The Court has appointed the following attorneys as Class Counsel:



| | |
|---|---|
| Gregory F. Coleman, Esq. | Mona Lisa Wallace, Esq. |
| Greg Coleman Law, P.C. | Wallace and Graham, P.A. |
| Bank of America Center | 525 North Main Street |
| 550 Main Avenue, Suite 600 | Salisbury, NC 28144 |
| Knoxville, TN 37902 | Phone: 800-849-5291 |
| Phone: 865-247-0080 | Fax: 704-633-9424 |
| Fax:  865-522-0049 | mwallace@wallacegraham.com |
| greg@gregcolemanlaw.com | |

A copy of the settlement agreement, the preliminary approval order as well as other public documents filed in connection with the lawsuit can be inspected and copied in the Office of the Clerk of the Court.  Please see Section X of this Notice for further details.

### IV. CORRECTIONS TO NAME OR ADDRESS

If for any future mailings you wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute, and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

### V. THE TERMS OF THE PROPOSED SETTLEMENT

The basic terms of the proposed Settlement Agreements are set forth below.

1. **Continued health benefits paid by AK Steel until December 31, 2014 – Hourly Class**. AK Steel is currently providing health benefits to hourly class members who are not Medicare-eligible, as well as class members who are Medicare eligible and will continue to do so at its expense at current respective levels and costs for hourly class members until December 31, 2014. <u>The approximate value of this commitment to continue to pay benefits for hourly class members through December 31, 2014 is $84,000,000</u>.

2. **Continued health benefits paid by AK Steel until December 31, 2014 – Salaried Class.** AK Steel is currently providing health benefits to salaried class members who are not Medicare-eligible, as well as class members who are Medicare eligible and will continue to do so at its expense at current respective levels and costs for salaried class members until December 31, 2014. <u>The approximate value of this commitment to continue to pay benefits for salaried class members through December 31, 2014 is $4,500,000</u>.

3. **AK Steel Funding of VEBA for Benefits from January 1, 2015 Onward – Hourly Class**. <u>In addition to the continued benefits described above, AK Steel will make cash payments totaling a gross cash amount of $86,000,000</u>, inclusive of payments to a "Voluntary Employees' Beneficiary Association" or "VEBA" ("a Common Fund") and payment of attorneys' fees and costs. The VEBA, which is a trust fund, will assume responsibility for providing health benefits to Hourly Class Members and their eligible dependents on January 1, 2015. The benefits that will be provided under the VEBA are discussed in Section VIII below. Claims incurred for covered services provided on and after January 1, 2015 will be the responsibility of the VEBA and AK Steel will be relieved of any obligation to provide or pay for health benefits after that date. The VEBA will be funded as follows, subject to certain contingencies in the event the Court's final approval order is appealed or as otherwise stated in the settlement agreement:

   (a) AK Steel will make a payment of $21,400,000 by August 1, 2011 to the VEBA.
   (b) AK Steel will make a payment of $30,000,000 by July 31, 2012 to the VEBA.
   (c) AK Steel will make a payment of $26,000,000 by July 31, 2013 to the VEBA.

Subject to the terms of the Settlement Agreement for Hourly Retirees, the total cash amount that will be contributed to the VEBA by AK Steel is thus $77,400,000 and once the third payment is made, AK Steel shall have no obligation to make additional payments to the VEBA. This cash amount is <u>in addition</u> to the benefit of AK Steel continuing to pay benefits for hourly class members through December 31, 2014 which is approximately $84,000,000. <u>The total value of the Hourly Class Settlement after payment of attorneys' fees and costs is approximately $161,400,000</u>.

4. **AK Steel Funding of VEBA for Benefits from January 1, 2015 Onward – Salaried Class**. In addition to the continued benefits described above, AK Steel will make cash payments totaling a gross cash amount of $5,000,000, inclusive of payments to the VEBA and payment of attorneys' fees and costs. The VEBA will assume responsibility for providing health benefits to Salaried Class Members and their eligible dependents on January 1, 2015. The benefits that will be provided under the VEBA are discussed in Section VIII below. Claims incurred for covered services provided on and after on January 1, 2015 will be the responsibility of the VEBA and AK Steel will be relieved of any obligation to provide or pay for health benefits after that date. The

VEBA will be funded as follows, subject to certain contingencies in the event the Court's final approval order is appealed or as otherwise stated in the settlement agreement:

>   (a)     AK Steel will make a payment of $1,166,667 by August 1, 2011 to the VEBA.
>   (b)     AK Steel will make a payment of $1,666,667 by July 31, 2012 to the VEBA.
>   (c)     AK Steel will make a payment of $1,666,666 by July 31, 2013 to the VEBA.

Subject to the terms of the Settlement Agreement for Salaried Retirees, the total cash amount that will be contributed to the VEBA by AK Steel is $4,500,000 and once the third payment is made, AK Steel shall have no obligation to make additional payments to the VEBA. This cash amount is <u>in addition</u> to the benefit of AK Steel continuing to pay benefits for hourly class members through December 31, 2014 which is approximately $4,500,000.  <u>The total value of the Salaried Class Settlement after payment of attorneys' fees and costs is approximately $9,000,000</u>.

5. The payments to the VEBA and to Class Counsel will not occur until the Judgment approving the settlement is final and subject to no appeals or further judicial review of the merits.  In the event that the period for appeal or further judicial review, including Supreme Court review, expires after the date when one or more payments would be due, then the payment(s) will be due within 15 business days following the later of (a) the expiration of the final date upon which a notice of appeal or petition seeking review, including Supreme Court review, was due, or (b) the entry of a final order affirming the Judgment, dismissing the appeal, or declining to accept jurisdiction.

6. <u>Beginning January 1, 2015 the VEBA will be responsible for providing health benefits to Class Members and their eligible dependents. The VEBA will be governed by a board of trustees charged with acting in the best interest of the retirees</u>.  The VEBA is not required to keep health benefits at any particular level and may change, modify or terminate benefits and may charge a premium to retirees and their dependents for the benefits it provides. Therefore, health benefits under the VEBA will not be vested or guaranteed for life and will be determined by the board of trustees in its discretion based on market conditions and other factors and acting in the best interest of the retirees.  The Class Representatives anticipate that the money contributed by AK Steel, as set forth in Section V above, will be sufficient to provide a favorable level of benefits for all Class Members and their eligible dependents, for the remainder of all Class Members' lives. Further details with regard to anticipated benefits under the VEBA are explained more fully below in Section VIII. AK Steel will continue to process and pay the health benefit claims of Class Members under the plans currently in effect for claims incurred prior to January 1, 2015.

7. Under the terms of the Settlement Agreements, Class Members and the Class Representatives will be subject to the judgment of the Court and will be precluded from bringing any "Released Claims" against AK Steel or any of its affiliates in the future. "Released Claims" do not include individual benefit claims incurred by Class Members prior to assumption of responsibilities by the VEBA on January 1, 2015.

8. Pursuant to the terms of the Settlement Agreement, neither AK Steel nor any of its

officers, directors or employees admit any liability or wrongdoing.

## VI. ATTORNEYS' FEES AND COSTS

Under the terms of the Settlement Agreements, AK Steel has agreed to pay Class Counsel their attorneys' fees and costs in this matter subject to the Court's approval and reflecting the risk and difficulty of prosecuting this lawsuit and the fact that the attorneys took the case on a contingent fee basis. In this regard, Class Counsel have agreed to reduce their original 25% contingent fee agreement with the Plaintiffs down to a 10% fee. Further, Class Counsel have agreed to seek only 10% of the gross cash amount obtained for the hourly and salaried class of $91,000,000, and no percentage of the benefit of AK Steel continuing to pay benefits for class members through December 31, 2014 which is approximately an additional $88,500,000. Accordingly, the attorneys' fees and costs will be $9,100,000 (10% of the gross cash portion of the settlement of $91,000,000), subject to Court approval. Plaintiffs' application and brief supporting the amount of the agreed-upon attorneys' fees and costs award will be filed with the Court by December 20, 2010. Once filed, these documents will be available for review at the Office of the Clerk of the Court (see Section X below.)

## VII. HOW WILL THE VEBA OPERATE?

<u>The VEBA will be organized by the Class Representatives and its assets will be held solely for the purpose of providing health benefits to the Class Members and their eligible dependents</u>. The VEBA will be administered by Trustees who will have a fiduciary duty to manage it in the best interests of the participants in the plan. There will be five Trustees. Class Members (retirees or surviving spouses) will serve in three of the Trustee positions. The other two positions will be held by "Public Members," who will be individuals with experience or expertise, through education, training or employment, in the area of employee benefits. "Public Members" may not be Class Members or employees or officers of AK Steel or of the pertinent unions. The Trustees will serve three year staggered terms, except that (in order to establish staggered terms) 1) the initial term of one of the Class Member trustees will be one year and 2) the initial term of a second Class Member Trustee and one of the Public Trustees will be two years. The Class Representatives will appoint the five initial Trustees, and subsequent Trustee vacancies will be filled by appointment by the remaining Trustees then serving.

The Trustees may retain consultants and other service providers to assist them in investing the VEBA's assets, establishing and maintaining a viable plan of benefits, paying claims and generally administering the VEBA. Initially, it is intended that the VEBA will contract with the same providers that currently provide health benefits under the AK Steel plans. The VEBA will be known as the "Butler Works Hourly and Salaried Union Retirees Health Care Fund." The VEBA's governing document will be a Trust Agreement, a draft copy of which is attached as Exhibit 3.

## VIII. HOW WILL BENEFITS BE AFFECTED UNDER THE VEBA?

Plaintiffs' goal is to maintain a fair and reasonable plan of benefits for the lifetimes of all Class Members. Based on actuarial studies, it is anticipated that the VEBA will have sufficient

money to continue to provide health benefits in the VEBA's trustee's discretion until the last Class Member dies. Because no current AK Steel employee and no employee who retired after December 31, 2006 will be eligible to participate in the VEBA, it was possible to conduct these actuarial studies based on a known group of Class Members.

**Benefits for pre-Medicare retirees**: Beginning January 1, 2015, the VEBA will provide medical and prescription drug coverage to retirees who are not yet eligible for Medicare. This coverage would be comparable to the coverage currently provided by AK Steel to pre-Medicare retirees. The VEBA Trustees, appointed to act for the benefit of the Class Members, will have the authority to determine the most cost-effective way of providing comparable non-Medicare retiree coverage based on healthcare marketplace conditions once AK Steel transfers responsibilities for providing benefits to the VEBA effective January 1, 2015.

**Benefits for Medicare-eligible retirees**: The VEBA will have the discretion to directly provide coverage to Medicare-eligible retirees, or to reimburse retirees for their health costs up to a fixed dollar amount each year. For example, under a 5.00% discount rate, Medicare-eligible retirees can be reimbursed for up to $1,833 of health care costs annually. These benefits would increase annually and would retain the existing life insurance program. The benefits will be subject to evaluation by the VEBA Trustees, in light of changes in market conditions and working in the best interest of Class Members. The reimbursements would be non-taxable since they are reimbursement for health care benefits.

### IX. YOUR RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT

If you approve of the proposed settlement, you do not need to appear at the January 10, 2011 hearing or take any other action at this time. Class Counsel and one or more of the Class Representatives will attend the hearing on behalf of the Class. The purpose of the hearing is to enable the Court to make a determination of whether the proposed settlement is fair, reasonable and in the best interests of the Class. If the Court decides that the settlement is fair, reasonable and in the best interests of the Class, the Court will enter a final judgment approving the settlement.

You have the right to object to the proposed settlement and to have your objections heard and considered by the Court. If you wish to object, you must do so by sending your objection(s) in writing to the Claims Administrator. Objections must be sent to the Claims Administrator at the following address and must be postmarked on or before November 15, 2010: AK Steel Butler Retiree VEBA Settlement, c/o The Garden City Group, Inc., PO Box 91205, Seattle WA 98111-9305. DO NOT send your objections to the Court, to the Union, to the Class Representatives, to Class Counsel or to any person or office at AK Steel other than the Claims Administrator. Any objections that are not sent to the Claims Administrator at the address given above may not be considered by the Court, even if you send them to these other parties within the prescribed time period. You may retain an attorney at your own expense to represent you in filing any objection, but your attorney must comply with all required procedures for objections, including the deadline for submission to the Claims Administrator. You do not need to attend the hearing in order to have your objection heard and considered by the Court, but if you or your attorney wish to be heard at the hearing, or if you want to have the Court consider your objection, you or your

attorney must have submitted your objection to the Claims Administrator by the deadline set forth above.

If, after the hearing, the Court enters a final Judgment approving the settlement, the Judgment will be binding on all class members, including those who filed objections and those who did not, assuming there is no successful appeal from the Judgment.

## X. EXAMINATION OF PAPERS FILED IN THIS ACTION

This Notice does not fully describe the action. Members of the public, including but not limited to those whose rights may be affected by this action, may inspect the papers filed in the lawsuit at the Office of the Clerk of the Court, United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East 5th Street, Cincinnati, Ohio 45202.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT WITH QUESTIONS REGARDING THIS ACTION.**

**FORM A**

## CHANGE OF NAME AND/OR ADDRESS FOR

## NOTICE OF PROPOSED SETTLEMENT OF RETIREE HEALTH BENEFITS CLASS ACTION

Pursuant to the Notice to Class Members, I wish to change my name or mailing address information to the following:

Name: _____

Street and Apt. No. if any:_____

City, State and Zip Code:_____

This change of address is (Check one):  ___  permanent or ___ temporary and lasting only until _____.

I understand that future correspondence in this action, including but not necessarily limited to important notices relating to the lawsuit, will be sent to the address listed above and not to the address previously used, except to the extent I have indicated that this address change is temporary and should be used only until a given date. I hereby request and consent to the use of the address listed above under these conditions and for these purposes.

Date: _____    Print Name: _____

Signature: _____

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:
Claims Administrator
AK Steel Butler Retiree VEBA Settlement
c/o The Garden City Group, Inc.
PO Box 91205
Seattle WA 98111-9305

**THIS FORM MUST BE RECEIVED BY NOVEMBER 15, 2010
TO CHANGE YOUR ADDRESS**