UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ED MERKNER, THOMAS E. RODGERS, PETER E. CONNOR, JACK KRIESS and ED MUSKO, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> AK STEEL CORPORATION, <br><br> Defendant. | CASE NO. 1:09-CV-423-TSB <br><br> CLASS ACTION |

## PLAINTIFFS' MOTION FOR APPROVAL OF WITHDRAWAL OF OBJECTION

Plaintiffs, Ed Merkner, Thomas E. Rodgers, Peter E. Connor, Jack Kriess and Ed Musko, and Class Counsel, hereby move pursuant to Fed. R. Civ. P. 23(e)(5) for the Court's approval of the sole objector's withdrawal of her objection. Defendant AK Steel Corporation does not oppose this motion.

On October 8, 2010, hourly class member Patricia Sellers sent AK Steel's counsel a letter stating that she "do[es] not approve" of the settlement terms. (See letter attached as exhibit to the Declaration of Jennifer M. Keough on behalf of the claims administrator herein, which is also being filed on this date). Mrs. Sellers's letter expresses concerns about the cancellation of vision, dental, and Medicare Part B reimbursement. These coverages had already been eliminated by the time this lawsuit was filed, and none of them were reinstated or even affected by the Court's preliminary injunction.

After meeting with class counsel in an informational meeting about the settlement, and receiving additional information about the settlement, Mrs. Sellers submitted a second letter

2

stating that, having learned more about the settlement and the issues over which she had expressed concern, she had decided to withdraw her objection. (See letter attached as an exhibit to the Keough Dec.). Plaintiffs now seek the Court's approval of Mrs. Sellers's stated intention that her objection be withdrawn.

Fed. R. Civ. P. 23(e)(5) states that "[a]ny class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval." As stated by the court in *Olden v. Lafarge Corp.*, 472 F. Supp. 2d 922 (E.D. Mich. 2007), the purpose of this provision is to prevent objections from being used as leverage to obtain additional benefits:

> That authority is made available generally to guard against improper use of objections, such as using objections to gain improper individual advantage. *Manual for Complex Litigation* § 21.643.

*Id.* at 931.

No such concerns are present here. Mrs. Sellers's objection was based on her initial review of the settlement notice. Once she attended the meeting held to provide class members with additional information and answer questions they might have, Mrs. Sellers no longer had those concerns and did not oppose the settlement. It was simply a matter of having the necessary information to understand the terms now before the Court, and Mrs. Sellers is obtaining no "individual advantage" from withdrawing her objection.

Accordingly, Plaintiffs respectfully submit that the Court should approve the withdrawal of the lone objection to the settlement in this matter.

Dated: December 20, 2010.                    RESPECTFULLY SUBMITTED,

                                                    s/Mona Lisa Wallace, Esq.
Mona Lisa Wallace, Esq.
John Hughes, Esq.
Wallace and Graham, P.A.
525 North Main Street
Salisbury, NC 28144
(800) 849-5291 (phone)
(704) 633-9424 (fax)
mwallace@wallacegraham.com
jhughes@wallacegraham.com

Gregory F. Coleman, Esq.
Greg Coleman Law PC
550 Main Avenue, Suite 600
Knoxville, Tennessee 37903
BPR No. 014092
(865) 247-0080 (phone)
greg@gregcolemanlaw.com

Admitted Pro Hac Vice

Marc G. Pera
Ohio Bar No. 69231
The Moore Law Firm
1060 Nimitzview Dr., Suite 200
Cincinnati, Ohio 45230
(513) 232-2000 (phone)
mpera@moorelaw.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing PLAINTIFFS' MOTION FOR APPROVAL OF WITHDRAWAL OF OBJECTION was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: December 20, 2010

                                            s/Mona Lisa Wallace, Esq.
                                            Mona Lisa Wallace, Esq.
                                            John Hughes, Esq.
                                            Wallace and Graham, P.A.
                                            525 North Main Street
                                            Salisbury, NC 28144
                                            (800) 849-5291 (phone)
                                            (704) 633-9424 (fax)
                                            mwallace@wallacegraham.com
                                            jhughes@wallacegraham.com
                                            Admitted Pro Hac Vice
                                            Attorneys for Plaintiffs