UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ED MERKNER, THOMAS E. RODGERS, PETER E. CONNOR, JACK KRIESS and ED MUSKO, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>AK STEEL CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:09-CV-423-TSB<br>)<br>)  CLASS ACTION<br>)<br>)<br>)<br>) |

## DECLARATION OF GREGORY F. COLEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

I, Gregory F. Coleman, pursuant to 28 U.S.C. § 17-46 hereby declare under penalty of perjury the following is true and correct:

1. I am over the age of eighteen and competent to testify to the facts contained in this declaration.

2. I am the principle in the law firm of Greg Coleman Law PC. I offer this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses.

3. I have been appointed Class Counsel to named Plaintiffs Ed Merkner, Thomas E. Rodgers, Peter E. Connor, Jack Kriess and Ed Musko, as well as all those similarly situated in the above captioned class action.

4. I attended Jacksonville State University in Jacksonville, Alabama for my undergraduate education where I received a Bachelor of Arts degree in 1986 and graduated with highest honors and distinction. I attended the University of

Tennessee School of Law in Knoxville, Tennessee, and received a Juris Doctorate degree in 1989. While in law school I was nominated to be a member of the National Order of Barristers which was an honor given to me through the University of Tennessee School of Law. My professional licensures and affiliations include: Tennessee State Bar; United States District Court for the Eastern District of Tennessee; United States District Court for the Southern District of Ohio; United States District Court for the District of Columbia; United States Court of Appeals for the Sixth Circuit; and United States Supreme Court. I am a member in good standing for all of these courts. I have argued multiple cases in front of the Tennessee Supreme Court. I am currently a member in good standing of the Knoxville Bar Association, the Tennessee Bar Association, and the American Bar Association, as well as the American Association for Justice.

5.  I have been a speaker at seminars and conferences on legal issues throughout the state of Tennessee on behalf of the Tennessee Bar Association, the National Business Institute and other legal entities. I have lectured extensively for many years on topics such as advanced trial tactics and strategy in complex litigation matters. I have authored published materials regarding advanced trial strategies, ethics, seminars and numerous other publications and materials for CLE seminars at which I have lectured.

6.  I am a Certified Civil Trial Specialist by the National Board of Trial Advocacy and I am a Certified Civil Trial Specialist by the Tennessee Commission on Continuing Legal Education and Specialization. I am AV Peer

Review Rated by the Martindale-Hubbell legal rating service. I am also a member of the Bar Registry of Preeminent Lawyers as named by the Martindale-Hubbell legal rating service. I have been selected as one of the Best Lawyers in America. I have been named a Mid-South Super Lawyer and have been named one of the Top 100 Trial Lawyers by the American Trial Lawyers Association. I have been recognized as one of Knoxville's Top Attorneys in six separate categories. I am a charter member and fellow of the Litigation Counsel of America. I have been featured as a Top Attorney on the cover of CityView Magazine and have had cases reported about by various state and national media outlets.

7. I have tried more than 100 jury trials (and countless other bench trials) in areas of complex medical malpractice, wrongful death, product liability, toxic tort and other areas over the course of my years of practice. In addition, I was lead trial counsel involving 15,000 plus retirees of Alcoa, Inc. The Alcoa case involved issues very similar to the issues in the case at bar. Claims were made pursuant to ERISA and the LMRA in the Alcoa case, and a trial was conducted in September and October, 2009.

8. I have been involved in numerous class action cases involving consumer claims and claims brought under the Fair Labor Standards Act. I have tried jury trials in states other than Tennessee and have been admitted pro hac vice in complex matters around the country, including a six-week long trial in Sacramento, California for which I was lead counsel.

9. I have been practicing in the areas of law referenced herein for over 20 years. In the course of my practice, I have amassed expertise on many facets of ERISA including other retiree benefit cases in which I have been certified as class counsel.

10. Since I was contacted in this case by the class representatives in May of 2009, I have directed and supervised the investigation into the right to post-retirement benefits under the agreements and plans at issue in this proceeding. I have participated in this process since May 2009 and had been involved in the case from the drafting of the complaint through the settlement agreements that were entered into in this matter. As of December 10, 2010, I have devoted over 1,500 hours of my time to the hourly and salaried class claims in this case and my paralegals have devoted well over 100 hours to this case. The work performed to date has included reviewing pertinent documents (including but not limited to collective bargaining agreements, multiple settlement agreements, benefit plans and summary plan descriptions); developing a chronology of events; interviewing witnesses and class representatives; participating in discovery; performing legal research on the underlying claims in this action; consulting with co-counsel on litigation developments and strategy; numerous meetings and conferences with class representatives and class members; preparing and arguing motions; preparing and filing petitions for class certification; otherwise litigating against AK Steel over the right to post-retirement benefits in this Court and in the United States Court of Appeals for the Sixth Circuit and representing Plaintiffs in settlement

negotiations and resolution of the claims in this action. The settlement process has included working closely with Plaintiffs and Plaintiffs' actuaries to analyze settlement proposals and evaluate potential plans of benefits under a VEBA; researching VEBA trust issues; drafting, editing and finalizing settlement documents including the settlement agreement, the VEBA trust agreement and class notice; presenting the settlement to retirees in joint meetings and in conference calls with class members; preparing and filing this petition for attorneys fees; and reviewing the sole class member objection (with ultimate withdrawal of that objection) and the various filings by counsel and opposing counsel.

11. At the outset of the litigation, Plaintiffs' counsel was able to secure a substantial benefit for the entire hourly class by obtaining a preliminary injunction prohibiting AK Steel from charging premium payments for benefits during the pendency of this litigation. On information and belief, this injunction saved over 3,000 Class Members and their dependents hundreds of thousands of dollars in premiums, co-pays and benefits over the last twelve months. To the extent these retirees and their dependents have received benefits which would otherwise have been eliminated or premiums which otherwise would have been charged, declarations previously filed with this Court demonstrate that the injunction also contributed to the retirees' physical and mental health and wellbeing.

12. I have been involved in all of the settlement discussions and negotiations in this case. The parties began exploring the possibility of settlement

in December 2009 and met to discuss settlement in a court-sponsored mediation on December 8, 2009 in Cincinnati. As a result of the discussions, AK Steel provided Plaintiffs with detailed actuarial data to aid them in evaluating and formulating settlement proposals and an experienced actuary was retained to assist Plaintiffs in analyzing the prospects of settlement and to consider possible plans of benefits under a VEBA. Thereafter, further court-sponsored mediation sessions were conducted with the ultimate result being the parties reaching a settlement on July 26, 2010. The settlement agreement which was reached is currently before the Court pending final approval. In each settlement session, there were three Class Representatives present at all times and who participated in the deliberations. As part of the settlement in this case, the parties have agreed that AK Steel will provide the current level of benefits to all class members for both the hourly and salaried class through December 31, 2014. In addition, there are no increased costs for these benefits provided through December 31, 2014. Thereafter, on January 1, 2015, the hourly and salaried Class Member benefits will be handled through a VEBA trust which has been evaluated and analyzed by Plaintiffs' actuaries. It has been evaluated by Plaintiffs' actuaries that the amount of $91 to $93 Million will be in the VEBA trust on January 1, 2015 to fund retiree benefits in this case. This is based upon projected market conditions through December 31, 2014. Based on actuarial studies, it is anticipated the VEBA will have sufficient money to provide some level of benefits in the VEBA trustee's discretion until the last Class Member dies. Pursuant to the settlement agreement,

the VEBA trust will begin receiving payments from AK Steel on August 1, 2011 and will receive payments consistent with the settlement agreement approved in this case. Plaintiffs' Counsel has further work to do in this case in that a VEBA document must be finalized and Trustees, both from the retiree group and public members must be chosen in order to implement and administer the VEBA benefits. This will be done between the time of the final approval hearing on January 10, 2011 and before August 1, 2011. Therefore, Plaintiffs' Counsel would approximate that 1,000 additional hours between the two firms of Greg Coleman Law PC and Wallace & Graham will be needed to accomplish the remaining parts of the settlement. Counsel for Plaintiffs' Class had numerous conversations with Plaintiffs' actuaries and Class Members with respect to establishing a board of trustees for the VEBA and fully anticipate that everything will be in place for the VEBA to receive funds by August 1, 2011.

13. I have been deeply involved in performing the work to get this settlement agreement finalized, executed, approved and implemented. I was also involved in drafting the class notice, drafting the settlement papers that included formulating and drafting a "draft" VEBA trust agreement and working with Plaintiffs' health care consultant and actuary to formulate the VEBA trust. These documents were included in the Joint Motion for Preliminary Approval of the settlement and proposed class notice. As referenced herein, there is considerable work to be done between now and August 1, 2011 when the VEBA will begin receiving the funding from AK Steel. The time has passed for any objections to be

filed with the Court and it must be noted that the lone objection that was filed has been withdrawn leaving no objections for the Court to consider in this matter. In addition to the work referenced herein between now and August 1, 2011, plan documents have to be prepared, trustees have to be selected, service providers will be solicited with service provider contracts to be reviewed, and various plan rules and policies will begin to be established and implemented. Although there is a five-year window for the establishment of the plan documents and policies, with the VEBA administration actually going into effect January 1, 2015, it is anticipated that Plaintiffs' Counsel will continue to work on these matters in order to perfect the settlement agreed to by the parties and preliminary approved by the Court.

14. I have caused a review to be conducted of the hours I have devoted to this case through the filing of this motion for attorneys fees as well as the expenses that have been submitted as of the filing of this motion. As indicated the firm's records show that as of December 10, 2010, I have devoted over 1500 hours to this case and my paralegals have devoted more than 100 hours in this case and I have incurred over $8,500 in expenses.

15. As discussed herein, I anticipate that my firm and the firm of Wallace & Graham will expend substantial additional time obtaining final approval of the settlement and implementing its terms. Compensation for these future hours must be covered by the requested $9.1 Million fee award. It is impossible to predict with certainty exactly how many hours we will expend on

this litigation in the future. However, based upon my experience in ERISA matters as well as class action litigation and settlements, as well as my work on this case to date, I made a conservative estimate of the amount of attorney time Class Counsel will spend on this case after January 2011 to be at least 1,000 hours of attorney time.

    DATED:    December 20, 2011.

                                                    /s/ Gregory F. Coleman
                                             GREGORY F. COLEMAN